THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AVTECH CAPITAL, LLC, a Utah limited liability company,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>MXM NV, INC., a Nevada corporation, and ADDE ISSAGHOLI, a citizen of Nevada,<br><br>　　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [9] PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, WRIT OF REPLEVIN, AND DECREE OF FORECLOSURE**<br><br>Case No. 2:24-cv-00131-DBB<br><br>District Judge David Barlow |

　　　　Plaintiff Avtech Capital, LLC ("Avtech") moves for default judgment, a writ of replevin, and a decree of foreclosure against Defendants MXM NV, Inc. ("MXM") and the company's president, Adde Issagholi (collectively "Defendants").[1] For the following reasons, the court grants the motion in part.

## BACKGROUND

　　　　On September 26, 2023, Avtech entered into a lease agreement with MXM under which Avtech leased MXM certain laundry-related equipment.[2] Under the terms of the lease, MXM agreed to make 30 monthly payments of $10,889.10 beginning October 1, 2023.[3] Issagholi guaranteed the lease.[4] According to the motion, MXM made the first three payments but failed to make the fourth payment due on or before January 1, 2024.[5] The lease contains an acceleration

---

[1] Pl.'s Mot. for Default J., Writ of Replevin, and Decree of Foreclosure ("Pl.'s Mot."), ECF No. 9.
[2] *See* Compl. ¶¶ 11–12, ECF No. 1; Decl. of Dan Burris ("Burris Decl.") ¶ 3, ECF No. 9-7; Master Lease Agreement, Lease Sch. No. MXMN_001, Ex. A, ECF No. 9-2.
[3] Compl. ¶ 13; Burris Decl. ¶ 4; Lease Sch. No. MXMN_001.
[4] Compl. ¶¶ 14–15; Master Lease Agreement, Unconditional Continuing Guaranty ¶ 1, Ex. B.
[5] Pl.'s Mot. ¶ 7; Default Notice; Burris Decl. ¶ 5.

clause, which provides that upon a default on the January 2024 payment, Avtech may immediately seek a stipulated loss value of $362,720.00 plus interest and fees.[6] The lease also provides that Avtech may repossess the leased property upon a default.[7] Additionally, the lease states that Avtech has "no duty to mitigate [its] damages," including by taking legal action to recover the leased property or by selling or releasing the property.[8] According to the complaint, MXM and Issagholi have not returned the leased property to Avtech or otherwise provided full payment required under the lease, despite Avtech providing notice of default and a demand for payment.[9] As such, Avtech seeks (1) monetary damages of $362,720.00, plus accrued interest, attorney fees, and costs; (2) a writ of replevin for the return of the leased property; (3) a judgment and decree of foreclosure against all assets of MXM; and (4) a judgment and decree of foreclosure against all assets of Issagholi.[10]

Avtech filed its complaint on February 22, 2024[11] and served Defendants on May 22, 2024.[12] On June 24, 2024, upon receiving no answer by Defendants, Avtech filed a motion for entry of default,[13] which the clerk entered on July 2, 2024.[14] On July 25, 2024, Avtech moved for a default judgment.[15] To date, Defendants have not appeared or otherwise responded to the complaint or motion for default judgment.

---

[6] Compl. ¶¶ 17, 19–20; Pl.'s Mot. ¶¶ 7, 12; Master Lease Agreement 6, 10, 19.
[7] Compl. ¶ 21; Pl.'s Mot. ¶¶ 18–19; Master Lease Agreement 2, 4.
[8] Master Lease Agreement 4.
[9] Compl. ¶¶ 22–24; Default Notice, ECF No. 9-2.
[10] Compl. ¶¶ 29, 34, 38; Pl.'s Mot. 2.
[11] ECF No. 1.
[12] ECF Nos. 5, 6.
[13] ECF No. 7.
[14] ECF No. 8.
[15] ECF No. 9.

## STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), when the plaintiff's claim is not for a sum certain:

> [T]he party must apply to the court for a default judgment. . . . If the party against whom default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
>
> (B) determine the amount of damages;
>
> (C) establish the truth of any allegation by evidence; or
>
> (D) investigate any other matter.[16]

"Default judgment is a harsh sanction."[17] It "must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party . . . . [T]he diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights."[18] Despite service of process over six months ago, Defendants have failed to appear or defend against Avtech's claims.[19] "Once default is entered, 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"[20]

---

[16] Fed. R. Civ. P. 55(b)(2).
[17] *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987).
[18] *Curne v. Liberty Mut. Ins.*, No. 21-3159, 2022 WL 1440650, at *3 (10th Cir. May 6, 2022) (unpublished) (quoting *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991)).
[19] ECF Nos. 5, 6.
[20] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2688, at 63 (3d ed. 1998)).

District courts have "broad discretion in deciding a default judgment question."[21] In order for the court to enter a default judgment, it must have subject matter jurisdiction, personal jurisdiction over the party being defaulted, and the unchallenged facts must state a legitimate cause of action.[22]

## DISCUSSION

### I. Jurisdiction

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."[23] Avtech asserts that it has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Avtech and Defendants, and the amount in controversy exceeds $75,000.[24] Avtech is a Utah limited liability company with all of its members having citizenship in Utah.[25] MXM is incorporated and has its principal place of business in Nevada.[26] Likewise, Issagholi is a citizen of and resides in Nevada.[27] Therefore, complete diversity is satisfied. Additionally, Avtech seeks monetary damages of $362,720.00, plus accrued interest, attorney fees, and costs, thus satisfying the amount in controversy. Accordingly, the court has subject matter jurisdiction.

"In reviewing its personal jurisdiction, the court does not assert a personal [jurisdiction] defense of the parties; rather, the court exercises its responsibility to determine that it has the

---

[21] *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *accord Gomes v. Williams*, 420 F.2d 1364, 1367 (10th Cir. 1970); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997).
[22] *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008)) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (3d ed. 1998)); *Dennis Garberg*, 115 F.3d at 771–72.
[23] *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986).
[24] Compl. ¶ 4.
[25] Compl. ¶ 1.
[26] Compl. ¶ 2.
[27] Compl. ¶ 3.

power to enter the default judgment."[28] "The plaintiff has the burden of proving that the court has [personal] jurisdiction."[29] "[A] movant 'need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials.'"[30]

Avtech argues that Defendants consented to personal jurisdiction in Utah.[31] Section 23 of the Master Lease Agreement, titled "Governing Law; Venue; Jury Waiver" provides that the Agreement is governed under the laws of Utah, all matters relating to the Lease will be heard solely in the state and federal courts located in Salt Lake City, Utah, and the parties "(a) unconditionally and irrevocably submit to the sole and exclusive jurisdiction of such courts[] [and] (b) waive any objection to such jurisdiction, venue or convenience of forum."[32] The Guaranty agreement contains a nearly identical clause.[33] Therefore, the court can exercise personal jurisdiction over Defendants.[34]

**II.   Claims**

The court next turns to whether the unchallenged facts state a legitimate cause of action for (1) breach of contract, (2) a writ of replevin and (3) a judgment and decree of foreclosure. The court examines each in turn.

---

[28] *Williams*, 802 F.2d at 1203.
[29] *Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1281 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2793 (2021) (cleaned up).
[30] *U.S. Sec. & Exch. Comm'n v. Hartman Wright Grp., LLC*, No. 19-cv-02418, 2022 WL 669758, at *3 (D. Colo. Mar. 7, 2022), *R. & R. adopted*, No. 19-cv-02418, 2022 WL 860617 (D. Colo. Mar. 23, 2022) (quoting *Dennis Garber & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997)).
[31] Compl. ¶ 6.
[32] Master Lease Agreement 5 ¶ 23.
[33] Unconditional Continuing Guaranty ¶ 11.
[34] Avtech also contends that the court can assert personal jurisdiction over Defendants because they have transacted business in Utah in connection with the subject matter of this Complaint and caused harm to Avtech in Utah. Compl. ¶ 5. Given that the court has personal jurisdiction based on the parties' consent, the court need not examine this basis for personal jurisdiction.

### A.     Breach of Contract

Under Utah law, there are four elements to a breach of contract claim: "(1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages."[35]

Avtech entered into a signed lease agreement with MXM,[36] which Issagholi guaranteed.[37] MXM breached the lease agreement when it failed to make the January 1, 2024 lease payment, or any payment thereafter,[38] despite Avtech fulfilling its requirements under the agreement.[39] Similarly, Issagholi was required to pay all of MXM's outstanding obligations under the guaranty agreement.[40] Neither MXM nor Issagholi provided any further payment despite receiving a final notice of default, dated February 12, 2024.[41] As a result of Defendants' breach of the lease agreement and guaranty agreement, Avtech was harmed and is entitled to $362,720.00—the amount the parties agreed to for a January 1, 2024 breach—plus interest, costs, and fees.

The lease agreement provided an interest rate of 18% per annum, which applies from January 1, 2024 until the sum is paid in full.[42] This amounts to just under $178.88 per day.[43] The lease agreement also entitled Avtech to recover its attorney fees and costs.[44] According to its motion and the declaration of Evan S. Strassberg, Avtech has incurred attorney fees in the

---

[35] *Bair v. Axiom Design, LLC*, 2001 UT 20, ¶ 14, 20 P.3d 388, *abrogated on other grounds, as recognized in* 2024 UT 10, 546 P.3d 963.
[36] Compl. ¶¶ 11–12; Burris Decl. ¶ 3; Master Lease Agreement.
[37] Compl. ¶¶ 14–15; Unconditional Continuing Guaranty ¶ 1.
[38] Pl.'s Mot. ¶ 7; Default Notice; Burris Decl. ¶ 5.
[39] Burris Decl. ¶ 7.
[40] Unconditional Continuing Guaranty ¶ 1.
[41] Default Notice.
[42] Pl.'s Mot. 9; Master Lease Agreement 6 ¶ 29; Unconditional Continuing Guaranty ¶ 9.
[43] Eighteen percent of $362,720.00 is $65,289.60 per annum. Thus, $178.875616 accrues each day.
[44] Pl.'s Mot. 9; Master Lease Agreement 6 ¶ 29; Unconditional Continuing Guaranty ¶ 9.

amount of $3,819 and costs in the amount of $748.40, for a total of $4,567.40.[45] After review of Mr. Strassberg's declaration, the court finds these costs and fees reasonable.

### III. Writ of Replevin

Next, Avtech seeks to recover its leased property from Defendants. Federal Rule of Civil Procedure 64(a) provides that "throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." This includes replevin.[46] Similarly, Utah Rule of Civil Procedure 64A provides for a writ of replevin upon written order of the court. To obtain this relief, a plaintiff must "file a motion, security as ordered by the court[47] and an affidavit stating facts showing the grounds for relief and other information required by these rules."[48] A plaintiff must also meet certain of the grounds identified in Rule 64A(c). Utah Rule of Civil Procedure 64B further requires that the plaintiff be "entitled to possession" and that "the defendant wrongfully detains the property."

In this case, Avtech properly filed a motion with the court and included a declaration detailing the grounds for relief.[49] Avtech satisfies Rule 64A(c) because the leased property (1) is not earnings and is not exempt from execution;[50] (2) is not sought to hinder, delay or defraud a creditor of Defendants;[51] and (3) Avtech has shown a substantial likelihood that it will prevail on the merits of the underlying claim.[52] Additionally, under Rule 64A(c)(8) and (9), the leased

---

[45] Pl.'s Mot. 9. Decl. of Evan S. Strassberg, ECF No. 9-6.
[46] Fed. R. Civ. P. 64(b).
[47] The court has not ordered that security be provided.
[48] Utah R. Civ. P. 64B.
[49] Burris Decl.
[50] Burris Decl. ¶ 9.
[51] Burris Decl. ¶ 12.
[52] Burris Decl. ¶ 13. The court has already determined that Avtech will prevail on its claim for breach of contract based on Defendants' failure to pay the sum owed. The lease agreement also provides that following Defendants'

7

property will materially decline in value,[53] and Avtech has an ownership or special interest in the property.[54]

Utah Code § 70A-2a-523 states, in relevant part, that "[i]f a lessee wrongfully . . . fails to make a payment when due[,] . . . the lessee is in default under the least contract and the lessor may . . . take possession of goods previously delivered . . . ."[55] The lease agreement also states that Avtech retains "all right, title and interest in and to the Leased Property"[56] and, in the event of a default, Avtech is entitled to "repossess and remove (or disable in place) the Leased Property . . . ."[57] As discussed above, Avtech clearly meets this standard based on Defendants' failure to pay the sum owed and failure to return the leased property following receipt of the notice of default. Therefore, Avtech is entitled to a writ of replevin.

## IV. Foreclosure of Security Interest

Lastly, Avtech seeks a decree of foreclosure against Defendants.[58] Avtech urges the court to grant it power to seize and sell "any and all" assets of Defendants, without limitation. Avtech's entire argument in favor of this extraordinary remedy amounts to two sentences and a single citation with no analysis. This remedy is denied, without prejudice, for failure to develop the argument and analyze relevant statutory and case law authority in the context of the facts of this case.

---

breach of the lease agreement and guaranty agreement, Avtech is entitled to repossess the leased property. Master Lease Agreement 4 ¶ 20.
[53] Burris Decl. ¶ 14.
[54] Master Lease Agreement 2 ¶ 11, 4 ¶ 20.
[55] *See also* Utah Code § 70A-2a-525(2) ("if agreed, after the default by the lessee, the lessor has the right to take possession of the goods.").
[56] Master Lease Agreement 2 ¶ 11.
[57] Master Lease Agreement 4 ¶ 20.
[58] Pl.'s Mot. 11.

**ORDER**

It is hereby **ORDERED** that Avtech's Motion for default judgment, a writ of replevin, and a decree of foreclosure against Defendants MXM and Adde Issagholi is **GRANTED IN PART**. Avtech is awarded judgment against Defendants, jointly and severally, in the amount of $362,720 plus interest at the rate of 18% per annum[59] from January 1, 2024 until this judgment is paid in full. Avtech is also awarded attorney fees and costs in the amount of $4,567.40.

**IT IS FURTHER ORDERED** that Defendants must deliver the Leased Property identified in Exhibit A to the Lease Schedule[60] to Avtech within 30 days of Avtech providing its delivery address.[61] If Defendants do not deliver the Leased Property, Avtech is authorized to enter the property where the Leased Property is located at a reasonable hour and to repossess the Leased Property. The owner of any real property where the Leased Property is located is **ORDERED** to allow Avtech or its representatives access to the Leased Property so that the Leased Property may be taken to a location of Avtech's choosing.

Signed November 26, 2024.

BY THE COURT

David Barlow
United States District Judge

---

[59] This amounts to $178.875616 per day.
[60] This includes (i) four 2022 Huebsch Dryers 250KG; (ii) two 2021 Ellis Washers 200KG; and (iii) two Cam Five 8 Head Embroidery Machines.
[61] The location must be reasonably convenient to both parties.

9